WILLIAM D. KLEIMAN AND EDRIS M. KLEIMAN, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Kleiman v. Commissioner
Docket No. 25260-82.
United States Tax Court
T.C. Memo 1984-308; 1984 Tax Ct. Memo LEXIS 365; 48 T.C.M. (CCH) 301; T.C.M. (RIA) 84308; June 19, 1984. *365 Held: Wages received by petitioner-husband in exchange for his services are income, subject to taxation. Sec. 61(a)(1), I.R.C. 1954. William D. Kleiman, pro se. Crispin G. Cantrell, for the respondent. CHABOT
MEMORANDUM OPINION CHABOT, Judge: Respondent determined a deficiency in Federal individual income tax and an addition to tax under section 6653(a) [1] (negligence, etc.) against petitioners for 1979 in the amounts of $3,694 and $184.70, respectively. After concessions by both sides, the issue for decision is whether petitioners are subject to taxation on the amounts paid to petitioner-husband in exchange for his services. [2]
*366 The instant case has been submitted fully stipulated; the stipulation is incorporated herein by this reference. When the petition in the instant case was filed, petitioners William D. Kleiman (hereinafter sometimes referred to as "Kleiman") and Edris M. Kleiman, husband and wife, resided in Madison, Wisconsin. In 1979, Kleiman sold his services to a company that manufactures boilers. In exchange for his services, Kleiman received $30,635.67 in 1979. Petitioners maintain that "wages cannot be regarded as income within the meaning of the Sixteenth Amendment." Respondent contends to the contrary, and further asserts that wages are income subject to taxation under the Internal Revenue Code of 1954. Petitioners' contentions have been analyzed in sufficient detail in Rowlee v. Commissioner,80 T.C. 1111, 1119-1122 (1983); we see no need to restate the analysis. The payments received by Kleiman in exchange for his services are income, subject to taxation (sec. 61(a)(1)). We hold for respondent. Decision will be entered in accordance with the parties' stipulation.
Footnotes
1. Unless indicated otherwise, all section references are to sections of the Internal Revenue Code of 1954 as in effect for the year in issue. ↩
2. The parties have stipulated that, if petitioners do not prevail on this issue, then petitioners are liable for a deficiency and an addition to tax under section 6653(a) in the amounts of $952 and $48, respectively.↩